IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-26-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TERRENCE LOVELL DICKENS, ) | |
| ) | |
| Defendant. ) | |

On May 9, 2012, pursuant to a written plea agreement, Terrence Lovell Dickens ("Dickens") pleaded guilty to conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base (crack). See [D.E. 18, 19, 35]. On October 2, 2012, the court held Dickens's sentencing hearing. See [D.E. 28, 31, 36]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Dickens's objections to the PSR [D.E. 25]. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 36] 5–75. The court calculated Dickens's total offense level to be 44, his criminal history category to be VI, and his advisory guideline range to be the statutory maximum of 480 months' imprisonment. See Sentencing Tr. at 69–75. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Dickens to 480 months' imprisonment. See id. at 76–83. Dickens appealed. On April 25, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Dickens, 526 F. App'x 239, 240–41 (4th Cir. 2013) (per curiam) (unpublished).

On March 11, 2016, Dickens moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 52]. Dickens's new advisory guideline range is 360 to 480 months' imprisonment, based on a total offense level of 42 and a criminal history category of VI. See Resentencing Report. Dickens requests a 360-month sentence. See id.; [D.E. 52]. On March 15, 2016, the government responded in opposition. See [D.E. 53].

The court has discretion under Amendment 782 to reduce Dickens's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Dickens's sentence, the court finds that Dickens engaged in serious criminal behavior involving a large quantity of illegal narcotics and firearms. See PSR ¶¶ 6–12; Sentencing Tr. at 5–75. Moreover, Dickens is a violent recidivist and has convictions for simple assault (two counts), accessory after the fact to murder (two counts), resisting a public officer, maintaining a place for keeping a controlled substance, possession of cocaine (two counts), maintaining a vehicle/dwelling/place for a controlled substance, and carrying a concealed weapon. See PSR ¶¶ 14–23. Moreover, Dickens has performed poorly on supervision and has a spotty work history. See id. ¶¶ 26, 37–44. Nonetheless, Dickens has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Dickens received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Dickens's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Dickens's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-

Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Dickens's motion for reduction of sentence [D.E. 52].

SO ORDERED. This 18 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge

3