IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-26-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TERRENCE LOVELL DICKENS, ) | |
| ) | |
| Defendant. ) | |

On May 21, 2019, Terrence Lovell Dickens ("Dickens") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 67]. On January 27, 2020, the United States responded in opposition [D.E. 74]. As explained below, the court denies Dickens's motion for reduction of sentence.

I.

On May 9, 2012, pursuant to a written plea agreement, Dickens pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack). See [D.E. 18, 19, 35]. On October 2, 2012, the court held Dickens's sentencing hearing. See [D.E. 28, 31, 36]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 25] and ruled on Dickens's objections to the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sentencing Tr. [D.E. 36] 4–75. The court calculated Dickens's total offense level to be 44, his criminal history category to be VI, and his advisory guideline range to be the statutory maximum of 480 months' imprisonment. See Sentencing Tr. at 69–75. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Dickens to 480 months' imprisonment. See id. at 76–83. On October 3, 2012, Dickens appealed [D.E. 29]. On

April 25, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Dickens, 526 F. App'x 239, 240–41 (4th Cir. 2013) (per curiam) (unpublished).

On March 11, 2016, Dickens moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 52]. On July 18, 2018, the court denied the motion for a sentence reduction [D.E. 54]. On August 9, 2018, Dickens appealed [D.E. 55]. On December 27, 2018, the Fourth Circuit affirmed this court's order. See United States v. Dickens, 746 F. App'x 253 (4th Cir. 2018) (per curiam) (unpublished).

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in

effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 816–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in ... section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *4 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

Dickens's new advisory guideline range is 360 to 480 months' imprisonment based on a total offense level 42 and a criminal history category VI. See [D.E. 62] 1. The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant

3

factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Dickens's offense conduct, Dickens engaged in serious criminal behavior involving 9.6 kilograms of crack cocaine. See PSR [D.E. 25] ¶¶ 6–12; Sentencing Tr. at 4–75. During the offense, Dickens possessed at least one firearm, recruited accomplices, and was a leader. See PSR ¶¶ 6–12; Sentencing Tr. at 4–75. Dickens also obstructed justice at his sentencing hearing and did not accept responsibility. See Sentencing Tr. at 69–75. Moreover, Dickens is a violent recidivist and has convictions for simple assault (two counts), accessory after the fact to murder (two counts), resisting a public officer, maintaining a place for keeping a controlled substance, possession of cocaine (two counts), maintaining a vehicle/dwelling/place for a controlled substance, and carrying a concealed weapon. See PSR ¶¶ 14–23. Dickens also has performed poorly on supervision and has a spotty work history. See id. at ¶¶ 26, 37–44. Nonetheless, Dickens has taken some positive steps while incarcerated on his federal sentence. Cf. Pepper v. United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. In light of Dickens's serious criminal conduct, violent criminal record, poor performance on supervision, the need to promote respect for the law, and the need to incapacitate Dickens, the court declines to reduce Dickens's sentence. See, e.g., Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *4; Latten, 2019 WL 2550327, at *1–4; 18 U.S.C. § 3553(a).

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it still would not reduce Dickens's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

4

II.

In sum, the court DENIES Dickens's motion for reduction of sentence [D.E. 67].

SO ORDERED. This 30 day of July 2020.

                                               /s/ Dever
                                            JAMES C. DEVER III
                                            United States District Judge