IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:12-CR-26-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TERRENCE LOVELL DICKENS, | ) | |
| | ) | |
| Defendant. | ) | |

On July 18, 2025, Terrence Lovell Dickens ("Dickens" or "defendant") moved pro se for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 83]. Six months earlier, President Biden commuted Dickens's 480-month sentence to a term of 280 months' imprisonment [D.E. 82]. Dickens's release date is March 28, 2031. See Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (search by inmate name "Terence Lovell Dickens") (last visited June 28, 2026). On May 1, 2026, the United States responded in opposition to Dickens's motion for a sentence reduction [D.E. 91]. In light of the record, Rutherford v. United States, 146 S. Ct. 1320 (2026), and Fernandez v. United States, 146 S. Ct. 1292 (2026), the court denies Dickens's motion for a sentence reduction.

I.

In 2004, law enforcement conducted a joint investigation into Dickens's drug trafficking in the Eastern District of North Carolina. See Presentence Investigation Report ("PSR") [D.E. 25] ¶ 6. On September 13, 2004, Dickens received a state felony conviction for maintaining a vehicle, dwelling, or place for a controlled substance. See id. Dickens was undeterred. From at least 2004 to January 2010, Dickens was a mid- to upper-level drug trafficker who unleashed large

quantities of cocaine base (crack) into his community. See id. ¶¶ 7–8, 12. Based on 12 controlled purchases and various statements from cooperating informants, Dickens is accountable for conspiring to distribute at least 9.6 kilograms of cocaine base (crack). See id. ¶ 12. During Dickens's offense conduct, he also possessed at least one firearm, recruited accomplices, acted as a leader, and intimidated a witness (his girlfriend) who he suspected was informing on him. See id. ¶¶ 6–12; Sent'g Tr. [D.E. 36] 4–75. Dickens told his accomplice to break into her home, "scare the shit out of her," "tear her stuff up," and tell her "she is fucking with the wrong motherfucker." PSR ¶ 11.

On March 30, 2010, a federal grand jury in the Eastern District of North Carolina indicted Dickens. See [D.E. 1]. On May 9, 2012, with a plea agreement, Dickens pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack) (count one). See [D.E. 16, 19, 35]. On October 2, 2012, the court held Dickens's sentencing hearing. See [D.E. 28]. After receiving evidence and resolving objections to the PSR, the court calculated Dickens's total offense level to be 44, his criminal history category to be VI, and the advisory guideline range to be the statutory maximum of 480 months' imprisonment. See Sent'g Tr. 6–75. Dickens obstructed justice at the hearing and did not accept responsibility. See id. at 69–75. After considering the relevant 3553(a) factors, the court sentenced Dickens to 480 months' imprisonment. See id. at 75–81; [D.E. 31, 32].

Dickens appealed. On April 25, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Dickens's conviction and dismissed the remainder of the appeal due to the appellate waiver in his plea agreement. See [D.E. 39, 40]. On March 11, 2016, Dickens moved for a sentence reduction under 18 U.S.C. § 3582. See [D.E. 52]. On July 18, 2018, the court denied Dickens's motion for a sentence reduction. See [D.E. 54]. Dickens appealed. On

2

December 27, 2018, the Fourth Circuit affirmed the district court's denial. See [D.E. 64, 65]. On May 21, 2019, Dickens again moved for a sentence reduction, which the court denied "[i]n light of Dickens's serious criminal conduct, violent criminal record, poor performance on supervision, the need to promote respect for the law, and the need to incapacitate Dickens." [D.E. 75] 4; see [D.E. 67]. Dickens appealed. On January 27, 2021, the Fourth Circuit affirmed the district court's denial of a sentence reduction "for the reasons stated by the district court." [D.E. 79] 1; see [D.E. 80].

## II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford, 146 S. Ct. 1320. A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268

3

(4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez, 146 S. Ct. at 1307. "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a

4

qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

The court assumes without deciding that Dickens exhausted administrative remedies. Dickens argues that he received an unusually long sentence in light of nonretroactive amendments to his statutes of conviction, and also cites his participation in educational programming and work assignments. See [D.E. 83] 5–14. Thus, Dickens asks the court to reduce his sentence by 60 months. See id. at 15.

Dickens cites nothing in U.S.S.G. § 1B1.13(b) or any applicable retroactive change to his statutes of conviction. In Rutherford, the Supreme Court held that before examining the section 3553(a) factors concerning a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct

analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

Dickens fails to demonstrate that extraordinary and compelling reasons support reducing his sentence. As for his argument that the court would likely impose a lesser term of imprisonment if sentencing Dickens today, Dickens is wrong. If sentenced today under the same circumstances as at his sentencing hearing, Dickens would face a guideline advisory range of 360 to 480 months' imprisonment. See United States v. Dickens, No. 4:12-CR-26, 2020 WL 4433301, at *2 (E.D.N.C. July 31, 2020) (unpublished), aff'd, 834 F. App'x 46 (4th Cir. 2021) (per curiam) (unpublished). The court's imposed 480-month sentence is within that guideline range. Moreover, President Biden's January 2025 clemency grant reduced Dickens's sentence to 280 months' imprisonment, which is substantially below his advisory guideline range, eliminating any perceived gross disparity between Dickens's current sentence and the sentence he would have received if sentenced today. Furthermore, to the extent Dickens relies on rehabilitation, Dickens's rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

Dickens has failed to demonstrate "that extraordinary and compelling reasons warrant" compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); see Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Thus, the court denies Dickens's motion for a sentence reduction.

Alternatively, even if Dickens demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Dickens's motion. See Concepcion, 597 U.S. at 499–502; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. The court has considered the entire

6

record, the section 3553(a) factors, Dickens's arguments, and the government's persuasive response. The court also has considered the need to punish Dickens for his serious criminal behavior, to incapacitate Dickens, to promote respect for the law, to deter others, and to protect society from Dickens. Given the entire record, the court denies Dickens's motion for a sentence reduction. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

### III.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 83].

SO ORDERED. This 29 day of June, 2026.

JAMES C. DEVER III
United States District Judge

7